IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, <br><br> Plaintiff, <br><br> v. <br><br> CONIN CONTRACTOR SERVICES, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) No.   20-3094 ) ) ) ) ) |

## COMPLAINT

NOW COMES plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, CONIN CONTRACTOR SERVICES, INC., and allege as follows:

### Jurisdiction

1.  This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2.  This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action.  (*See* 29 U.S.C. §1132).

### Venue

3.  Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is

administered.  *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because plaintiff's plan is administered in Sangamon County, Illinois, which is located within the judicial district of the district court for the Central District of Illinois, Springfield division.

## PARTIES

5. Plaintiff is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement") (a copy of the trust agreement is attached hereto as Exhibit "A" and is fully incorporated herein and made a part hereof by this reference).

6. Defendant is an Illinois corporation doing business in Illinois.

## Factual Allegations

7. Defendant is a party to a memorandum of agreement with the international union of operating engineers local 150 (the "Union") that was executed on February 24, 2014 (a copy of the memorandum of agreement is attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference).

8. Pursuant to the memorandum of agreement, Defendant adopted and is bound by a collective bargaining agreement with the Union covering the time period of January 1, 2013 through December 31, 2016, under which defendant is required to report hours and pay contributions to the plaintiff (a copy of the collective bargaining agreement is attached hereto as Exhibit "C" and is fully incorporated herein and made a part hereof by this reference).

9. Pursuant to the memorandum of agreement, Defendant adopted and is bound by a collective bargaining agreement with the Union covering the time period of January 1, 2017 through December 31, 2020, under which defendant is required to report hours and pay contributions to the plaintiff (a copy of the collective bargaining agreement is attached hereto as Exhibit "D" and is fully incorporated herein and made a part hereof by this reference).

10. Defendant employs or has employed members of the Union, who are also participants in the employee benefit funds administered by the plaintiff pursuant to the collective bargaining agreement to which defendant is a party or otherwise bound.

11. Defendant has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions are owed to the plaintiff under the provisions of the collective bargaining agreement and trust agreement for the period of January 1, 2016 to present.

12. The collective bargaining agreement binds defendant to the provisions of the trust agreement.

13. Defendant is required under the collective bargaining agreement and trust agreement to pay contributions to plaintiff for the hours of bargaining unit work performed by its employees each month.

14. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the trust agreement. *See* 29 U.S.C. §1145.

15. Defendant is required under the collective bargaining agreement and trust agreement to provide plaintiff with written reports each month detailing hours worked by its

employees and the contributions that are owed to plaintiffs (the "remittance reports").

16.     Defendant's remittance reports with payment of fringe benefit contributions owed are due to the plaintiff by the 15th day of the month following the month in which the hours were worked by defendant's employees.

## COUNT I
### Compel Accounting / Delinquent Contributions

1-16.     Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count I as if fully set forth herein.

17.     Pursuant to the trust agreement, plaintiff has the right to examine the payroll books and records of the defendant to confirm the accuracy of defendant's reporting of hours worked to determine whether the defendant has paid plaintiff all fringe benefit contributions owed.

18.     Plaintiff demanded that defendant provide access to its relevant payroll and other business records for purposes of an audit for the period of January 1, 2016, to a current date to be established by plaintiffs' auditor, but defendant has refused to provide plaintiff with access to its payroll and other business records for purposes of an audit.

19.     Defendant breached the provisions of the trust agreement by refusing to provide plaintiff access to its payroll and other business records for purposes of an audit.

20.     Defendant owes plaintiff for all unpaid fringe benefit contributions, and any other amounts determined due by audit, for all hours of work performed by its employees for the period of January 1, 2016, to present.

21.     To the extent unpaid contributions or other amounts are determined to be owed to plaintiff under the audit, defendant breached the provisions of the collective bargaining agreement

and trust agreement by underpaying the fringe benefit contributions or other amounts that were owed to the plaintiff for hours of work performed by its employees for the period of January 1, 2016, to present.

22.     Pursuant to the terms of the collective bargaining agreement and trust agreement, the defendant is liable for interest, liquidated damages, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A.      That defendant is ordered to provide and/or make available to plaintiffs or its auditor, all of defendant's payroll and other business records for the period of January 1, 2016, through a future date determined by plaintiff or its auditor;

B.      That plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the period of January 1, 2016, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiff is entitled to pursuant to the trust agreement, labor agreements and ERISA;

C.      That judgment is entered in favor of plaintiff and against defendant for all fringe benefit contributions, interest, liquidated damages and other amounts owed to plaintiff for the period of January 1, 2016, through a future date including without limitation the ending date of any payroll compliance audit, as determined by payroll compliance audit or otherwise;

D.      That defendant be decreed to pay to the plaintiff all such monies determined to be

due and owing to plaintiff at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

  E. That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

  F. That defendant is decreed to pay all costs attendant to these proceedings;

  G. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the labor agreements, the trust agreement or as is otherwise just and equitable.

          RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, Plaintiff,

         By: s/ John P. Leahy
           JOHN P. LEAHY
           CAVANAGH & O'HARA LLP
           Attorneys for Plaintiffs
           2319 West Jefferson Street
           Springfield, IL 62702
           (217) 544-1771 – Telephone
           (217) 544-9894 – Facsimile
           johnleahy@cavanagh-ohara.com